IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:20CR340-1 |
| | : | |
| DAVID CHRISTOPHER REDFERN | : | |

## FACTUAL BASIS FOR A GUILTY PLEA

NOW COME the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and Joseph S. Beemsterboer, Acting Chief, Criminal Division, Fraud Section, and state that the factual basis for a guilty plea is as follows:

## Background

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law in response to the economic fallout of the COVID-19 pandemic in the United States. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

1

In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (i) average monthly payroll expenses; and (ii) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

PPP loan proceeds were required to be used by the business on certain permissible expenses: payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

Another source of relief provided by the CARES Act was the expansion of the Economic Injury Disaster Loan ("EIDL") program administered by the United States Small Business Administration ("SBA"), an agency of the

2

Case 1:20-cr-00340-WO   Document 87   Filed 09/22/21   Page 2 of 9

executive branch of the United States Government. Specifically, the CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing financial disruption due to the COVID-19 pandemic. The CARES Act also authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the number of employees the applicant certified having. The advances did not have to be repaid.

In order to obtain an EIDL and advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. The applicant was also required to certify that all of the information in the application is true and correct to the best of the applicant's knowledge. EIDL funds were permitted to be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

## PPP Conspiracy and Scheme to Defraud

From at least in or around May 2020, continuing up to and including in or around June 2020, the defendant, DAVID CHRISTOPHER REDFERN, Joseph Marsell Cartlidge, Eric Alexander McMiller, Jesse Kendall Griffin, and

3

others knowingly and intentionally conspired to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by submitting and causing to be submitted false and fraudulent loan applications in order to obtain funds through the PPP.

During the course of the investigation, investigators interviewed a confidential human source ("CHS 1") regarding CHS 1's involvement in the PPP scheme. CHS 1 told investigators that CHS 1 used intermediaries to recruit individuals to apply for false and fraudulent PPP loans and, in return for preparing PPP loan application documentation for such individuals, sought a portion of the fraudulently obtained loan proceeds. One such intermediary recruited REDFERN into the scheme and conspiracy, who in turn connected the intermediary to Cartlidge, McMiller, and Griffin. REDFERN, Cartlidge, McMiller, and Griffin each communicated with CHS 1 through one or more intermediaries and agreed to participate in the scheme and conspiracy.

REDFERN, Cartlidge, McMiller, and Griffin each utilized registered businesses and claimed false business operations in furtherance of the fraud scheme. REDFERN, Cartlidge, McMiller, and Griffin also utilized or attempted to utilize business and personal bank accounts at various financial institutions for the purpose of receiving fraudulent loan proceeds. In

furtherance of the scheme, REDFERN, Cartlidge, McMiller, and Griffin provided information, including personal and business identifying information, to CHS 1 through one or more intermediaries in order to seek PPP loans. CHS 1 then used such information to prepare and cause to be prepared false and fraudulent supporting documentation, including bank account statements and tax filings, for PPP applications on behalf of REDFERN, Cartlidge, McMiller, and Griffin.

During the course of the conspiracy, REDFERN, in the Middle District of North Carolina, caused the submission of one fraudulent PPP application. Specifically, on or about June 1, 2020, REDFERN caused the submission of a PPP application seeking a loan in the amount of $410,322 in the name of Wilder Effects LLC ("Wilder Effects"), a company that was registered with the North Carolina Secretary of State on or about January 17, 2020 and listed REDFERN as the registered agent and owner. The registered business address for Wilder Effects was in Trinity, North Carolina. Prior to the submission of the Wilder Effects PPP application, on or about January 23, 2020, REDFERN opened a business account at bank branch located in High Point, North Carolina in the name of Wilder Effects ("Wilder Effects Account 1"), over which REDFERN had sole signatory authority.

In the Wilder Effects PPP application, REDFERN falsely affirmed or caused to be affirmed, among other information, that Wilder Effects had twenty employees and an average monthly payroll of $164,129. The Wilder Effects PPP application appended as supporting documentation: (i) a false and fraudulent purported IRS Form 941 for the first quarter of 2020 showing $492,389.01 paid in wages to twenty employees; and (ii) a false and fraudulent bank statement for Wilder Effects dated February 27, 2020, showing a balance of $290,028.70.

As a result of this false and fraudulent PPP application, REDFERN caused the disbursement by interstate wire transfer, on or about June 2, 2020, of $410,322 in loan funds owned by, or under the custody and control of, a financial institution. Upon receiving the PPP funds in Wilder Account 1, REDFERN subsequently transferred, caused to be transferred, and attempted to transfer fraudulently obtained PPP loan proceeds to accounts under his co-defendant's and CHS 1's control, and used PPP loan proceeds for his personal benefit, and for the benefit of others. Specifically, that same day, REDFERN attempted to wire from Wilder Effects Account 1 (i) $102,580 to an account in Florida controlled by CHS 1; and (ii) $30,000 to an account controlled by Griffin. REDFERN attempted the $102,580 wire transfer in person at a bank branch located in Greensboro, North Carolina. The next day, on or about June

3, 2020, an $8,000 counter check written to "cash" was withdrawn from Wilder Effects Account 1 at a second bank branch located in Greensboro, North Carolina.

Over the course of the conspiracy, REDFERN, Cartlidge, McMiller, and Griffin collectively sought to fraudulently obtain approximately $2,326,874 in PPP funds. All of the relevant disbursements and subsequent transfers were made by means of interstate wire to bank accounts controlled by REDFERN and his co-defendants.

EIDL Scheme to Defraud

REDFERN also devised a scheme to defraud by submitting and causing to be submitted false and fraudulent loan applications to the SBA in order to obtain funds through the EIDL program. In particular, in or around April and May 2020, REDFERN fraudulently sought two EIDLs in the name of Wilder Effects, on or about April 12, 2020 and May 17, 2020, respectively. As a result of the first false and fraudulent EIDL application, REDFERN caused the disbursement by interstate wire transfer, on or about May 5, 2020, of $2,000 in EIDL advance funds from the SBA to Wilder Effects Account 1. On or about June 2, 2020, REDFERN opened a second business account in the name of Wilder Effects ("Wilder Effects Account 2"), over which REDFERN had sole signatory authority. Also, in connection with the first false and fraudulent

7

Case 1:20-cr-00340-WO Document 87 Filed 09/22/21 Page 7 of 9

EIDL application, REDFERN caused the disbursement by interstate wire transfer, on or about June 18, 2020, of $2,000 in EIDL funds to Wilder Effects Account 2. The second false and fraudulent EIDL application was denied.

This the 22nd day of September, 2021.

Respectfully submitted,

SANDRA J. HAIRSTON
Acting United States Attorney

/S/ NICOLE R. DUPRE
Assistant United States Attorney
NCSB: 41214
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
Phone: 336/333-5351

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
United States Department of Justice
Criminal Division

/S/ JESSEE ALEXANDER-HOEPPNER
NYSB #4871406
Trial Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:20CR340-1 |
| | : | |
| DAVID CHRISTOPHER REDFERN | : | |

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Thomas King, Esq.

                          Respectfully submitted,

                          SANDRA J. HAIRSTON
                          Acting United States Attorney

                          /S/ NICOLE R. DUPRE
                          Assistant United States Attorney
                          NCSB: 41214
                          United States Attorney's Office
                          Middle District of North Carolina
                          101 S. Edgeworth Street, 4th Floor
                          Greensboro, NC 27401
                          Phone: 336/333-5351